UNITED STATES DISTRICT COURT
EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

BOBBIE IRENE COX,

    Plaintiff,

           v.

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

    Defendant.
_____/

Civil Action No. 15-12114
Honorable Victoria A. Roberts
Magistrate Judge Elizabeth A. Stafford

## REPORT AND RECOMMENDATION
## ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [R. 14, 16]

Plaintiff Bobbie Cox appeals a final decision of defendant Commissioner of Social Security ("Commissioner") denying her application for supplemental security income benefits ("SSI") under the Social Security Act (the "Act"). Both parties have filed summary judgment motions, referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The Court finds that the administrative law judge's ("ALJ") decision is supported by substantial evidence, and thus **RECOMMENDS** that:

•    the Commissioner's motion **[R. 16]** be **GRANTED**;

•    Cox's motion **[R. 14]** be **DENIED**; and

- the Commissioner's decision be **AFFIRMED**, pursuant to sentence four of 42 U.S.C. § 405(g).

## I. BACKGROUND

### A. Cox's Background and Disability Application

Cox was 45 years old when she submitted her application for SSI in June 2014. [R. 7-2, Tr. 35; R. 7-3, Tr. 79]. She dropped out of school in the 11th grade and has previously worked as a cleaner. [R. 7-6, Tr. 226; R. 7-7, Tr. 282-94]. She alleged disabling impairments of bipolar disorder, posttraumatic stress disorder (PTSD), social anxiety, depression, and panic attacks, with an alleged onset date of January 1, 2012. [R. 7-3, Tr. 79]. After a December 1, 2014 oral hearing, Cox's application for SSI benefits was denied in a written decision on December 22, 2014. [R. 7-2, Tr. 35-45]. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. [*Id.,* Tr. 1-7]. Sampson timely filed for judicial review. [R. 1].

### B. The ALJ's Application of the Disability Framework

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. § 416.920(a)(4). Second, if the claimant has not had a severe impairment or a combination of such impairments[1] for a continuous period of at least 12 months, no disability will be found. *Id.* Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.* If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity ("RFC"), and will find the claimant not disabled if he or she can still do past relevant work. *Id.* At the final step, the Commissioner reviews the claimant's RFC, age, education and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if

---

[1] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." § 920(c).

the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994). [2]

Applying this framework, the ALJ concluded that Cox was not disabled. At the first step, he found that Cox had not engaged in substantial gainful activity since the filing date of the application. [R. 7-2, Tr. 35]. At the second step, he found that Cox had the severe impairments of bipolar disorder, anxiety disorder, cannabis dependence, and carpal tunnel syndrome. [*Id.,* Tr. 37]. Next, the ALJ concluded that Cox's impairments did not meet or equal a listing. [*Id.,* Tr. 13-14].

Between steps three and four, the ALJ found that Cox had the RFC to perform medium work as defined in 20 C.F.R. § 416.967(c) with the following exceptions:

> Avoid all exposure to unprotected heights and hazardous machinery; avoid all operation of motor vehicles; frequent handling and fingering with the left upper extremity; avoid concentrated exposure to vibration; limited to simple, routine, and repetitive unskilled tasks performed at SVP1 or SVP2 as defined in the DOT, free of fast paced production requirements with few, if any work place changes; occasional interaction with supervisors and co-workers; no tandem tasks with co-workers; and no interaction with the general public.

[*Id.,* Tr. 39]. At the fourth step, the ALJ found that Cox was able to perform her past relevant work as a cleaner, and thus was not disabled. [*Id.,* Tr. 22].

---

[2] Opinions analyzing applications for Disability Insurance Benefits are applicable because the same standards apply to SSI claims. *See* 20 C.F.R. §§ 404.1520 and 416.920.

## II.   ANALYSIS

### A.

Pursuant to § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted). Only the evidence in the record below may be considered when determining whether the prior decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 512-13 (6th Cir. 2007).

The significant deference accorded the Commissioner's decision is conditioned on the ALJ's adherence to governing standards. "Chief among these is the rule that the ALJ must consider all evidence in the record when making a determination, including all objective medical evidence, medical signs, and laboratory findings." *Gentry*, 741 F.3d at 723. *See also Rogers*, 486 F.3d at 249. In other words, substantial evidence cannot be based upon fragments of the evidence, and "must take into account whatever in

5

the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (internal quotation marks and citation omitted).

The Commissioner must also adhere to its own procedures, but failure to do so constitutes only harmless error unless the claimant has been prejudiced or deprived of substantial rights. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 654 (6th Cir. 2009). The ALJ's failure to use an "adjudicatory tool" that does not change the outcome of the decision is harmless. *Id.* at 655-56. On the other hand, substantial errors like ignoring evidence in the record or failing to follow the treating physician rule are not harmless. *Id.*; *Gentry*, 741 F.3d at 723, 729; *Cole v. Astrue*, 661 F.3d 931, 940 (6th Cir. 2011).

Cox argues that the ALJ erred in weighing the opinion evidence in the record and in assessing her RFC and credibility. In making her arguments, Cox cites to the record but not to legal authority that supports her request for remand. Cox and her counsel are warned that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (citation and internal quotation marks omitted).

Nonetheless, the Court thoroughly reviewed the record and, for the reasons stated below, finds that substantial evidence supports the ALJ's decision and that Cox's refusal to take prescribed psychotropic medications precludes her from being eligible for SSI benefits.

**B.**

Deborah Casey, L.M.S.W and Duncan Magoon, M.D are both associated with Hope Network. Prior to the ALJ's decision, Casey had examined and provided therapy for Cox on several occasions from October 3, 2013 until September 4, 2014. [R. 7-7, Tr. 228-59, 281-82, 371-72, 375-76]. Her reports describe Cox as depressed, stressed, anxious, irritable, susceptible to explosive anger, but also compulsively clean, cooperative, polite, appropriate, possessing a coherent thought process and capable of communicating clearly and understanding communication from others. [*Id.*]. Casey assessed Cox as being "totally self sufficient" in all listed daily activities, including household responsibilities, shopping, handling personal finances, traveling, recognizing and avoiding common dangers, and use of medical and other community services, and as being highly or generally typical in all listed work skills, except that she was somewhat typical in her ability to sustain work. [*Id.*, Tr. 257].

Casey's reports note that Cox, out of fear, will not take prescribed psychotropic medications and instead prefers natural options, primarily marijuana. [*Id.*, Tr. 238-39, 263, 248, 258, 265-66, 303-06, 316-19, 320-23, 371-72]. Although some of these reports describe Cox's use of marijuana as being sporadic or in the past, her and Casey's testimony at the hearing indicated that she had obtained a medical marijuana card and smoked marijuana every evening, despite professional advice that she quit and instead use low doses of prescribed medications. [R. 7-2, Tr. 61-62, 72-73].

It appears that Dr. Magoon evaluated Cox only once during the relevant time period – in December 2013. [R. 7-7, Tr. 267-75]. He scored Cox as having mild depression, recorded her report that she had walked off jobs and cannot work or tolerate people, and noted that she does not take pills because she "really only wants some magic therapy." [*Id.*, Tr. 267-69]. Dr. Magoon described Cox as pleasant, clean, whimsical, funny and pleasant and self-aware, with normal eye contact and speech and no psychosis, but also as having panic attacks when meeting new people, having a labile mood, having racing thoughts that interfere with her attention, having minimal insight, and as being impulsive and self-aware. [*Id.*, Tr. 273]. He diagnosed Cox with "bipolar depressed" and cannabis

8

dependence, noting her reluctance to take prescribed medication, which he described as "a major deterrent." [*Id.*, Tr. 274]. Dr. Magoon assessed Cox with a Global Assessment of Functioning (GAF) score of 50, which suggests serious impairment of function.[3] [*Id.*].

**C.**

Casey issued an opinion letter on September 17, 2014, and a medical source statement on October 23, 2014 that was also signed off on by Dr. Magoon. [*Id.*, Tr. 295, 444-46]. In Casey's very brief letter, she opines that Cox is diagnosed with "Bipolar Depressed, Anxiety Disorder and Posttraumatic Stress Disorder," and that Cox is unable to work due to the severity of her symptoms. [R. 7-7, Tr. 295]. The ALJ correctly noted that Casey, as a clinical therapist, is not an acceptable medical source, and that the opinion is not a medical source statement. [R. 7-2, Tr. 43]. 20 C.F.R. § 416.913(a); 20 C.F.R. § 416.927(a)(2). A therapist's opinion is still considered as evidence from "other sources." 20 C.F.R. § 416.913(d)(1). But "[t]he mere diagnosis of [a condition], of course, says nothing about the severity of the condition," *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir.

---

[3] "The GAF scale is a method of considering psychological, social, and occupational function on a hypothetical continuum of mental health. The GAF scale ranges from 0 to 100, with serious impairment in functioning at a score of 50 or below." *Norris v. Comm'r of Soc. Sec.*, No. 11–5424, 461 F. Appx. 433, 436 n. 1 (6th Cir. 2012)

9

1988), and as the ALJ observed, Casey's opinion did not include particular medical or clinical findings. [R. 7-2, Tr. 43]. In addition, the ALJ had no obligation to give weight to Casey's opinion that Cox cannot work, as that is an issue reserved for the Commissioner. *See Brock v. Comm'r of Soc. Sec.*, 368 Fed. Appx. 622, 625 (6th Cir. 2010). Since this was the extent of Casey's opinion letter, the ALJ acted within his discretion when he accorded it little weight.

The ALJ also accorded little weight to the October 2014 medical source statement, which was signed by both Casey and Dr. Magoon, though he addressed it as only Dr. Magoon's opinion. [R. 7-2, Tr. 44]. Casey and Dr. Magoon opined that Cox had marked restrictions in her abilities to understand and remember complex instructions; interact appropriately with the public, supervisors and co-workers; and extreme restrictions in her abilities to carry out complex instructions, make judgments on complex work-related decisions, and respond appropriately to usual work situations and to changes in a routine work setting. [R. 7-7, Tr. 444-45].

In objecting to the weight given to this opinion, Cox refers to Dr. Magoon as her treating physician. The "treating physician rule" requires an ALJ to give controlling weight to a treating physician's opinions regarding

10

the nature and severity of a claimant's condition when those opinions are well-supported by medically acceptable clinical and diagnostic evidence, and not inconsistent with other substantial evidence. *Gentry,* 741 F.3d at 723, 727-29; *Rogers,* 486 F.3d at 242-43. "A physician qualifies as a treating source if the claimant sees her 'with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for [the] medical condition.'" *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007) (quoting 20 C.F.R. § 404.1502). Having evaluated Cox only once, Dr. Magoon does not qualify as a treating physician under this rule. "Indeed, depending on the circumstances and the nature of the alleged condition, two or three visits often will not suffice for an ongoing treatment relationship." *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 506, n.10 (6th Cir. 2006).

Having said that, the ALJ was still required to properly weigh Dr. Magoon's opinion under 20 C.F.R. § 404.1527(c) and § 416.927(c). With respect to all medical opinions, the ALJ was required to consider "the examining relationship (if any); the length, nature and extent of the treatment relationship (if any); supportability of the opinion; consistency of the opinion with the record as a whole; the specialization of the source; and any other relevant factors which tend to support or contradict the opinion."

11

*Brumbaugh v. Comm'r of Soc. Sec.*, 989 F. Supp. 2d 690, 695 n. 5 (S.D. Ohio 2013) (citing *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375 (6th Cir. 2013).

The ALJ found that the "marked and extreme limitations" in Dr. Magoon's opinion were "out of proportion" with the objective medical evidence, noting that several records indicate that Cox was maintaining psychiatric stability. [R. 7-2, Tr. 44; R. 7-7, Tr. 238, 240, 242, 244, 371]. The ALJ additionally noted that Cox had taken guardianship of her adult son and testified to being able to care for him. [R. 7-2, Tr. 44, 57]. The ALJ gave partial weight to Dr. Magoon's assessment that Cox had a GAF of 50, emphasizing Cox's refusal to follow treatment recommendations. "The claimant cannot qualify for benefits by causing a worsening of her condition by refusing to follow treatment." [*Id.*].

Having given partial weight to Dr. Magoon's GAF assessment, the ALJ crafted an RFC that limited Cox to simple, routine, and repetitive unskilled tasks, free of fast paced production requirements with few, if any work place changes, only occasional interaction with supervisors and co-workers, no tandem tasks with co-workers, and no interaction with the general public. [*Id.*, Tr. 39]. Cox bears the burden of proving that she requires a more restrictive RFC. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388,

12

391 (6th Cir. 1999); *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008). In attempting to sustain that burden, Cox relies upon Dr. Magoon's and Casey's treatment notes and opinions. [R. 14, 506-08]. Taking issue with the ALJ's reliance on her refusal to take psychotropic drugs, she argues, "One need only go online or visit the herbal section of any drug store to know that the Claimant is not alone in her mistrust of big drug companies." [R. 14, PgID 509]. Cox charges that the ALJ is overly concerned with her use of marijuana to calm her nerves, and that the ALJ should not expect her to have a rational explanation for her fear of psychotropic drugs given her mental illness. [*Id.*].

But the conundrum of Cox's argument is that both Dr. Magoon and Casey have advised against Cox's use of marijuana, and Dr. Magoon referred to her refusal to take prescribed psychotropic drugs as "a major deterrent." [R. 7-7, Tr. 274]. Cox cannot credibly insist that the ALJ should have paid greater heed to Dr. Magoon's and Casey's opinions but at the same time fault the ALJ for finding that her functioning is hampered by her refusal to comply with their prescribed treatment.

More importantly, the ALJ's insistence that Cox follow prescribed treatment before being granted SSI benefits is required by the law. The application regulation mandates, "If you do not follow the prescribed

13

treatment without a good reason, we will not find you disabled . . . ." 20 C.F.R. § 416.930(b). There are limited exceptions to this rule, which include religious objections, major surgeries or amputations. § 416.930(c). Cox's subjective fear of psychotropic medications is not an acceptable exception under § 416.930(c). *Awad v. Sec'y of Health & Human Servs.*, 734 F.2d 288, 289-90 (6th Cir. 1984) (upholding determination that claimant was not entitled to disability benefits because there was no objective evidence supporting fear of laminectomy). And even if popular opinion provides some principled support for Cox's use of marijuana for medicinal purposes, federal and Social Security law do not.

The Court thus finds that the weight that the ALJ gave to Casey's and Dr. Magoon's opinions was supported by substantial evidence, in that he was not required to give controlling weight to either opinion; he partially incorporated Dr. Magoon's opinion by assessing an RFC with non-exertional limitations; he did not err in relying on Cox's refusal to take medications given that Dr. Magoon's called that refusal a major deterrent; and in fact Cox's refusal to follow treatment advice renders her ineligible for SSI benefits.

**D.**

On a final and brief note, Cox complains that the ALJ's assessment of her exertional RFC was deficient because it only places "handling and fingering restrictions" on her left hand, while the medical record indicated positive Phalens and Tinnel's signs bilaterally. [R. 14, PgID 510, citing R. 7-7, Tr. 314-15, 317, 392]. This argument is without merit because the record describes Cox as having pain in the left hand, [R. 7-7, Tr. 317]; because Cox testified that the carpal tunnel affected her left hand, [R. 7-2, Tr. 59-60]; and because Cox's attorney told the ALJ that, although she had some problems with carpal tunnel, "this is primarily an emotional, non exertional type case." [*Id.*, Tr. 55].

### III.   CONCLUSION

The Court **RECOMMENDS** that the Commissioner's motion for summary judgment **[R. 16]** be **GRANTED**, that Cox's motion for summary judgment **[R. 14]** be **DENIED**, and the Commissioner's decision be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: August 16, 2016

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this

Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page

limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 16, 2016.

                                          s/Marlena Williams
                                          MARLENA WILLIAMS
                                          Case Manager