UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBIE IRENE COX,

    Plaintiff,

vs

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

Case No: 15-12114
Honorable Victoria A. Roberts

## ORDER ADOPTING REPORT AND RECOMMENDATION

### I.   BACKGROUND

Plaintiff Bobbie Cox appeals the Defendant Commissioner of Social Security's denial of her application for supplemental security income benefits ("SSI"). The parties filed cross-motions for summary judgment. They were referred to Magistrate Judge Elizabeth A. Stafford. In her Report and Recommendation ("R&R"), Magistrate Judge Staffords recommends Defendant's Motion be granted and Plaintiff's Motion be denied. Plaintiff timely objected.

The Court **ADOPTS** the R&R.

### II.   DISCUSSION

#### A.  STANDARD OF REVIEW

Where a Magistrate Judge's R&R is objected to, the district court must conduct a *de novo* review of those portions of the R&R to which an objection has been made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge. 28 U.S.C. §636(b)(1)(C).

1

B.  *DE NOVO* REVIEW OF R&R PORTIONS TO WHICH PLAINTIFF OBJECTS.

1. <u>Objection 1: The Magistrate Judge, *sua sponte*, concludes that the Plaintiff is ineligible for SSI benefits because she refused to take prescribed medication.</u>

The Magistrate Judge's review "is limited to determining whether [the ALJ's decision] is supported by substantial evidence and was made pursuant to proper legal standards." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (quoting *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir.2007)). Magistrate Judge's *sua sponte* finding does not change her overall review of the ALJ's decision. The Magistrate Judge found the ALJ properly followed the five-step sequential evaluation process to determine whether Plaintiff was disabled. The Court agrees with the Magistrate Judge that substantial evidence supports the ALJ's conclusion that Plaintiff has not been under a disability within the meaning of the Social Security Act.

2. <u>Objection 2: The Magistrate Judge improperly discussed 20 C.F.R. §416.930.</u>

The Court agrees with the Defendant's position that this discussion by the Magistrate Judge was "irrelevant where she otherwise found the ALJ's decision supported by substantial evidence and free of legal errors." Def. Resp. 3.  However, the Magistrate Judge's interpretation of 20 C.F.R did not affect her review of the ALJ's conclusion, which was supported by substantial evidence and free of error.

3. <u>Objection 3: The Magistrate Judge, *sua sponte*, found Dr. Magoon was not a treating source and the issues was not raised by. Defendant or the ALJ.</u>

The Court agrees that whether Dr. Magoon was a treating physician was not raised by the Commissioner or the ALJ. However, the *sua sponte* finding by the

2

Magistrate Judge did not affect her overall review of the ALJ's decision and conclusion that substantial evidence supports the ALJ's decision.

To determine disability, the medical opinions will be considered along with the rest of the relevant evidence received. 20 C.F.R. §§ 416.920, 416.927. The ALJ gave little weight to Dr. Maroon's opinion because his opinion is "out of proportion with the treatment notes and clinical presentation in the medical records of evidence." Dck # 7-2, Tr. 44. The ALJ said that several treatment notes indicate the claimant maintained psychiatric stability. Additionally, Plaintiff took guardianship of her disabled son and testified that she is able to care for him and take him to doctor appointments. Objective evidence contradicts Dr. Maroon's evaluation of Plaintiff's impairments; thus, it is properly accorded little weight.  *See. Dyer v. Social Sec. Admin.*, 568 Fed. Appx. 422 (2014) (unpublished) ( substantial evidence supported decision not to give controlling weight to the opinion of claimant's treating physician because it is inconsistent with the weight of the medical evidence of record and the claimant's daily activities). The ALJ found the opinions of the state agency psychologist and vocational expert were consistent with treatment notes and the claimant's testimony. Thus, the ALJ's decision to give greater weight to those opinions is warranted.

> 4. <u>Objection 4: The Magistrate Judge erred in finding that the ALJ properly assessed Plaintiff's bilateral carpal tunnel syndrome and its effect on her residual functional capacity.</u>

The Magistrate Judge correctly concluded that there was no error in the ALJ's failure to include further manipulative limitations. Plaintiff points to no objective evidence of greater manipulative limitations than the AL assessed. Substantial evidence supports the residual functional capacity finding, including the manipulative elements.

### III.     CONCLUSION

The Court **ADOPTS** the R&R. Defendant's Motion for Summary Judgment (Doc. #16) is **GRANTED**; Plaintiff's Motion for Summary Judgment (Doc. #14) is **DENIED**. Judgment will enter in favor of Defendant.

**IT IS ORDERED**.

<u>S/Victoria A. Roberts</u>
United States District Judge

Dated:  9/22/2016